UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOHN CERTO, | |
| | Case No.: |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| HYPR CORP., | **JURY TRIAL DEMANDED** |
| Defendant. | |

---

Plaintiff, John Certo, by and through his attorneys, Harding Mazzotti, LLP, hereby files this Complaint against Defendant, HYPR Corp. ("Defendant"), to allege upon knowledge concerning his own experience, and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. This action is brought to remedy the retaliatory, unlawful and wrongful termination of Plaintiff, by the Defendant, following Plaintiff reporting protected claims of sexual harassment against HYPR employee, Sean Connolly, made by one of Plaintiff's subordinates.

2. Plaintiff seeks declaratory relief, monetary relief, punitive damages, attorneys' fees and costs.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C §1331, as his claims arise under the laws of the United States, namely Title VII, 42 U.S.C. § 2000e *et seq.* ("Title VII"), New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL").

1

4. This Court has jurisdiction over both the parties and the subject matter of this action pursuant to 28 U.S. Code § 1332(a) as there is full diversity of jurisdiction as between the parties in that the plaintiff is a resident of the State of New Jersey and the defendant is a business in the State of New York. Furthermore, the amount in controversy exceeds $75,000 and the defendant conducted business in and/or committed tortious acts within the State of New York.

## ADMINISTRATIVE REQUIREMENTS

5. On July 14, 2023, not long after Defendant terminated Plaintiff's employment, Plaintiff, through counsel, filed a Charge of Discrimination in violation of Title VII with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 520-2023-07762.

6. On September 21, 2023, Plaintiff submitted a letter to the EEOC requesting that they issue a Dismissal and Notice of Right to Sue.

7. On October 26, 2023, the EEOC issued a Notice of Right to Sue (Issued on Request) which is annexed hereto as **Exhibit "A".** Plaintiff's Complaint is timely filed within 90 days of receipt of the Right to Sue.

8. Further, simultaneously with the filing of this Complaint, Plaintiff will serve a copy of this Complaint on the New York City Law Department, New York State Attorney General, and the New York City Human Rights Commission to fulfill any and all administrative prerequisites with respect to his NYSHRL and NYCHRL claims alleged herein.

## THE PARTIES

9. That at all times hereinafter mentioned, Plaintiff is a resident of Matawan, New Jersey, County of Monmouth.

10. That at all times hereinafter mentioned, Defendant, HYPR CORP., is a private company, organized and existing under the laws of the State of New York with a business address of 1001 Avenue of the Americas, 10th Floor, New York, New York 10018.

## STATEMENT OF FACTS

11.     Plaintiff was employed by Defendant from April 5, 2021, to June 2, 2023.

12.     Plaintiff was initially hired as a Director of Support Operations and then promoted to Head of Global Support Operations within just three (3) months of joining HYPR.

13.     On April 25, 2022, Plaintiff's role was expanded, and he was promoted again to Vice President of Operations.

14.     From the onset of Plaintiff's employment up until February 1, 2023, plaintiff reported to HYPR President and Chief Operating Officer, Roman Kadinsky ("Mr. Kadinsky").

15.     Plaintiff received performance-based salary increases, bonus payouts and additional stock option grants during his employment with HYPR.

16.     Every evaluation that Plaintiff received on his performance from the time he commenced work assessed his skills and performance as highly successful, including his most recent March 2023 evaluation performed by Kadinsky.

17.     Mr. Kadinsky and other employees at HYPR repeatedly commended the plaintiff for his work and success at HYPR.  Only two (2) weeks before he was wrongfully terminated, Plaintiff was part of a call with CEO Bojan Simic ("Mr. Simic") who thanked him for his work and told him that he was "a great human being".

18.     There was no non-retaliatory basis for Plaintiff's termination.

19.     In September 2022, Plaintiff attended a dinner sponsored by Defendant at a Korean BBQ Restaurant in Manhattan, New York.

20.     At this event, Plaintiff witnessed Connolly intoxicated during the dinner, as he often was during HYPR social events.

21.     After this dinner it was reported to Plaintiff by the complaining employee that Connolly touched the HYPR employee repeatedly in an unwelcome manner during the dinner.

22. Following that report, Plaintiff reported claims of sexual harassment to HYPR Human Resources and management. The claims were against Sean Connolly.

23. Plaintiff did exactly what the law required of him and reported the sexual harassment complaints to HYPR Human Resources and the COO, Mr. Kadinsky.

24. Connolly was well aware that it was Plaintiff that reported the allegation to HR and Mr. Kadinsky, and he specifically informed Plaintiff that he was aware.

25. In late January 2023, Connolly's role was redesigned by HYPR so that he now was superior to Plaintiff and his department.

26. As of February 1, 2023, Plaintiff no longer reported to Mr. Kadinsky, and instead he was directed to report to the SVP of Customer Success, which was Connolly.

27. Connolly immediately began his course of retaliation against Plaintiff for his prior protected activity of reporting claims of sexual harassment related to Connolly's conduct at the September 2022 business dinner.

28. Connolly continuously fabricated issues related to Plaintiff and his team, resulting in an extremely hostile work environment.

29. By February 2023, Plaintiff sought care from his personal physician due to the intense work stress he was under created by Connolly which was causing him anxiety and disrupting his ability to sleep.

30. The anxiety caused by Connolly was so severe that Plaintiff began taking medication prescribed by his physician.

31. Connolly understood his retaliatory treatment of Plaintiff was causing Plaintiff severe anguish, however, Connolly only increased the hostile and toxic environment.

32. On one occasion, in or around April 2023, in front of other employees, Connolly admitted that he would "lie and exaggerate to get whatever I need done". This comment was made by Connolly in response to Plaintiff confronting him regarding inaccurate statements he had made about Plaintiff's team.

33. On June 2, 2023, Defendant terminated Plaintiff from his position of VP of Operations.

34. At the time of Plaintiff's termination, he had only been working under Connolly for four (4) months.

35. At the time of Plaintiff's termination, he had been employed with HYPR for over two (2) years.

36. Plaintiff was told during the termination call by Mr. Kadinsky that he had "done great things and built things HYPR had not imagined" but told, "you just do not seem to be aligned".

37. The only "misalignment" involving Plaintiff was his relationship with Connolly, which had been dominated by retaliation ever since Defendant made Connolly his superior.

38. Defendant was well aware of Plaintiff's concerns about the retaliation from Connolly.

39. Plaintiff reported his concerns about retaliation from Connolly to Mr. Kadinsky multiple times.

40. Plaintiff also reported his concerns about retaliation from Connolly to Vy Chen, head of Human Resources, multiple times.

41. Plaintiff's wrongful termination was not related to his job performance. It was retaliatory and spear headed by Connolly because Plaintiff made a protected complaint of sexual harassment on behalf of a subordinate.

## AS AND FOR A FIRST CAUSE OF ACTION
**Retaliation for Protected Complaints in Violation of Title VII 42 U.S.C. § 2000e** *et seq.*

42. Plaintiff repeats, realleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

43. The Defendant retaliated against Plaintiff in violation of his rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* for reporting to Defendant claims of sexual harassment against his superior, made by one of his subordinates.

44. Defendant terminated Plaintiff due to his reporting protected claims of sexual harassment against his superior, made by one of his subordinates.

45. Plaintiff suffered severe emotional distress as a result of the termination action.

46. Plaintiff suffered significant economic loss as a result of the termination of his employment by Defendant.

47. Defendant should also be liable to Plaintiff for punitive damages, since Defendant was intentionally and recklessly indifferent to Plaintiff's rights in terminating him.

48. Defendant engaged in discrimination with malice and with reckless indifference to the right of the Plaintiff to be free from such intentional discrimination.

49. Defendant discriminated in the face of a perceived risk that their actions would violate federal law.

## AS AND FOR A SECOND CAUSE OF ACTION
**Violation of New York State Human Rights Law (NYSHRL),
New York State Executive Law § 296(7)**

50. Plaintiff repeats, realleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

51. New York State Executive Law § 296(7) provides that: "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to

retaliate or discriminate against any person because he or she person has opposed any practice forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

52. During the period of Plaintiff's employment, Defendant was subject to the provisions of the NYSHRL.

53. A plaintiff makes a *prima facie* case for retaliation under the NYSHRL by showing that (1) he engaged in a protected activity, (2) the employer was aware of the protected activity, (3) the plaintiff suffered an adverse employment action, and (4) there was a causal connection between the protected activity and the adverse or disadvantageous action.

54. Plaintiff engaged in protected activity by reporting to Defendant claims of sexual harassment against his superior, made by one of his subordinates.

55. Defendant terminated Plaintiff due to his reporting claims of sexual harassment against his superior, made by one of his subordinates.

56. By the actions described above, defendant violated the NYSHRL.

57. Plaintiff suffered severe emotional distress as a result of the termination action.

58. Plaintiff suffered significant economic loss as a result of the termination of his employment by Defendant.

59. Defendant should also be liable to Plaintiff for punitive damages, since Defendant was intentionally and recklessly indifferent to Plaintiff's rights in terminating him.

60. Defendant engaged in discrimination with malice and with reckless indifference to the right of the Plaintiff to be free from such intentional discrimination.

61. Defendant discriminated in the face of a perceived risk that their actions would violate state law.

## AS AND FOR A THIRD CAUSE OF ACTION
**Violation of New York City Human Rights Law (NYCHRL),**
**N.Y. Administrative Code § 8-107(7)**

62. Plaintiff repeats, realleges and incorporates by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

63. NYC Administrative Code 8-107(7) provides: "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, (v) requested reasonable accommodation under this chapter, or (vi) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter."

64. During the period of Plaintiff's employment, Defendant was subject to the provisions of the NYCHRL.

65. A plaintiff makes a *prima facie* case for retaliation under the NYCHRL by showing that (1) he engaged in a protected activity, (2) the employer was aware of the protected activity, (3) the employer took an action that disadvantaged the plaintiff, and (4) there was a causal connection between the protected activity and the adverse or disadvantageous action.

66. Plaintiff engaged in protected activity, as detailed supra.

67. Defendant knew that Plaintiff had engaged in protected activity, as detailed supra.

68. Defendant subjected Plaintiff to actions that disadvantaged him, as detailed supra, in relation to his employment that was based upon his protected activity, as detailed supra.

69. The actions taken against Plaintiff were a direct result of his engagement in the protected activity of reporting to Defendant claims of sexual harassment against his superior, made by one of his subordinates.

70. Defendant terminated Plaintiff due to his reporting claims of sexual harassment against his superior, made by one of his subordinates.

71. By the actions described above, defendant violated the NYCHRL.

72. Plaintiff suffered severe emotional distress as a result of the termination action.

73. Plaintiff suffered significant economic loss as a result of the termination of his employment by Defendant.

74. Defendant should also be liable to Plaintiff for punitive damages, since Defendant was intentionally and recklessly indifferent to Plaintiff's rights in terminating him.

75. Defendant engaged in discrimination with malice and with reckless indifference to the right of the Plaintiff to be free from such intentional discrimination.

76. Defendant discriminated in the face of a perceived risk that their actions would violate state law.

**WHEREFORE,** Plaintiff respectfully demands judgment in his favor against Defendant as follows:

   A. Declaring that Defendant has engaged in, and enjoining Defendant from continuing to engage in, unlawful employment practices prohibited by federal, New York State and New York City law;

B. Awarding Plaintiff compensatory damages for all back and future loss of wages, lost income, benefits, retirement losses, stock benefits losses, pain, suffering, stress, humiliation, mental anguish, emotional harm and personal physical injury and physical sickness, as well as damage to his reputation, damage to career path, and loss of income stemming therefrom;

C. Awarding Plaintiff liquidated damages;

D. Awarding Plaintiff treble damages;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, litigation costs, and expert/consultant fees;

G. Awarding Plaintiff pre- and post-judgment interest; and

H. Awarding Plaintiff such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury with respect to all issues properly triable by jury.

Dated: January 23, 2024
Albany, New York

By: *Kelly A. Magnuson*
KELLY A. MAGNUSON, ESQ.
HARDING MAZZOTTI, LLP
*Attorneys for Plaintiff*
P.O. Box 15141
Albany, New York 12212
Tel.: (518) 862-1200
Email: Kelly.Magnuson@1800law1010.com

To:   HYPR CORP.
1001 Avenue of the Americas, 10th Floor
New York, New York 10018